Allen L. Miles v. Commissioner.
Miles v. Commissioner
Docket No. 35861.
United States Tax Court
1953 Tax Ct. Memo LEXIS 355; 12 T.C.M. (CCH) 189; T.C.M. (RIA) 53064; February 25, 1953
*355 David W. Ketler, Esq., for the petitioner. John J. Hopkins, Esq. and George Rabil, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax of the petitioner for 1945 in the amount of $2,963.37. The only issue for decision is whether the Commissioner erred in increasing the reported income of the petitioner by $7,811.64 as a result of disregarding the petitioner's wife as a partner in the Ideal Bakery. Findings of Fact The petitioner filed his individual return for 1945 with the collector of internal revenue for the Twenty-third District of Pennsylvania. The petitioner has been engaged in the bakery business in Grove City, Pennsylvania, since 1924 as a partner or owner of the Ideal Bakery. He was married in 1925 and thereafter his wife was regularly engaged with him in the bakery business except for two short periods, once when she had an operation and once when their daughter was born. Most of the time she worked only about three days a week but for other periods she worked full time. The petitioner, prior to 1944, had had two men as partners with him in the business, the one having succeeded *356 the other as an equal partner. The second partner died in 1943 and the petitioner purchased his interest in the business. The petitioner's wife contributed about $900 of her own money to the business when it was going through some hard times in the early 1930's. The petitioner's wife was never mentioned as a partner or as having any interest in the business either on the books and records of the business or on any written document pertaining thereto, and never received any compensation for her services to the business, prior to 1944. The petitioner and his wife had an understanding between them, prior to 1944, that his wife had an interest in the business. The petitioner and his wife decided shortly prior to January 1, 1944, that a new partnership should be formed which should include certain key employees in order to hold them in the business and in order to acquire for the business some needed additional capital which those men were willing to contribute. A written partnership agreement was entered into on January 1, 1944, in which the partnership interests were fixed as follows: the petitioner 27 per cent, his wife 25 per cent, two of his brothers and two other employees *357 12 per cent each. Each of the latter four contributed $5,000 to the business and the total contribution of the petitioner and his wife is stated at $21,666.67 in the agreement. The partnership was to continue for an indefinite period unless sooner dissolved. The profits and losses were to be divided 27 per cent to the petitioner, 25 per cent to his wife and 12 per cent each to the other four. The interest of any partner desiring to retire from the partnership was to be offered to the other partners. Earl M. Williams, one of the partners with a 12 per cent interest, sold his interest in the business on January 1, 1945, and was paid with funds of the partnership. The remaining partners agreed that the sale would in no way affect the conduct of the bakery during the life of their agreement dated January 1, 1944. They further agreed on March 11, 1946, that the value of the interests of the partners in the business for the year 1945 would be 33.231 per cent for the petitioner, 30.769 per cent for his wife and 12 per cent for each of the other three partners. The partnership return for 1945 shows the wife's share of the ordinary income as $7,781.01 and her share of net long-term gain *358 as $30.63. The Commissioner, in determining the deficiency, included those amounts in the income of the petitioner. He explained "It is determined that the income presented by the alleged 31 per centum interest of your wife, Florence E. Miles, in the partnership operated under the style of Ideal Bakery, in fact represents income taxable to you for Federal income tax purposes." Florence E. Miles, the wife of the petitioner, the petitioner and the other four parties to the partnership agreement, dated January 1, 1944, fully intended that Florence should be a partner along with the others in the future conduct of the business. All of the partners, including Florence, really and truly intended to join together as partners in the conduct of the business during 1945. The partnership agreement of January 1, 1944, with attachments thereto, and all facts stipulated by the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: The only question in this case is whether the petitioner's wife was a bona fide partner in the conduct of the Ideal Bakery during 1945. The evidence shows clearly that she was. She had worked regularly in the business for the better part of *359 20 years prior to 1945 without having been paid directly for her services. She had contributed a small amount of capital to the business when it was badly needed. The wife had never had a drawing account but the only money which the petitioner withdrew from the business, prior to 1944, was to repay money which he had borrowed to buy the business and to defray the living expenses of his family. The only bank account which he had was a joint account with his wife. They had an understanding prior to 1944 that she had an interest in the portion of the business which was held under his name. The wife not only worked in the bakery but she also discussed problems of the business with her husband and others. Those discussions included the question of whether she should be named in a written partnership agreement. It was finally decided that she should be named and she was named in the agreement of January 1, 1944. The petitioner devoted his full time to the business at all times material hereto and contributed more to the management and conduct of the business than did his wife, but, nevertheless, there was ample justification for making her a partner and there is no doubt about the intention *360 of all the partners that she should be a partner. Decision will be entered under Rule 50.